Clements *v.* The People.

Rejecting the averment that this company is a corporation, and we have "the Grover & Baker Sewing Machine Company," without any member, partner, officer or agent, or any president or director named or described as comprising or representing it, in whom the property mentioned might be supposed to vest. It will not be contended that the property can be laid as the goods of the "company" merely, without specifying some one—some private individual or official person of the company, in whom the title to the property may be taken to rest. In a company or copartnership, or the like, this must be done; in a corporation it cannot be done. The proof is as much wanting, in this view of the case, as it is having reference to the existence of a corporation. It is hard to see how, in either aspect, this verdict can possibly be sustained.

*J. H. Anthon,* for defendants in error.

---

SUPREME COURT. New York General Term, May, 1862.
*Ingraham, Leonard* and *Barnard,* Justices.

GEORGE F. CLEMENTS, plaintiff in error, *v.* THE PEOPLE, defendants in error.

Form of an indictment for forgery, in the third degree, in forging and uttering a bank check.

An indictment which charges the uttering of a forged bank check will not be sustained by proof on the trial of the uttering of a check, on the face of which was a forged certificate, purporting to be signed by an officer of the bank on

which the check was drawn, though the check with the certificate on its face be set forth, *in hæc verba,* in the indictment.

The words, "certified by Sparks, Bank J. C.," written on the face of a check drawn on the Bank of Jersey City, constitute no part of the check, and proof of the forgery of such a certificate will not support a charge of forging the check.

THIS case came before the court on a writ of error. By the return, it appeared that an indictment in the following form, was found in the New York General Sessions, against the plaintiff in error:

" *City and County of New York, ss:*

The jurors of the People of the State of New York, in and for the body of the city and county of New York, upon their oath present: That George B. Clements, late of the first ward of the city of New York, in the county of New York aforesaid, on the 3d day of September, in the year of our Lord one thousand eight hundred and sixty-one, with force and arms, at the ward, city and county of New York, aforesaid, feloniously did falsely make, forge and counterfeit, and cause and procure to be falsely made, forged and counterfeited, and willingly aid and assist in the false making, forging and counterfeiting, a certain instrument and writing, commonly called a bank check, which said false, forged and counterfeited instrument and writing, is as follows, that is to say:

---

"No. 492. *Jersey City, Sept.* 3, 1861.

THE BANK OF JERSEY CITY,

*Pay to the order of Livermore, Clews & Mason, Twenty-four hundred, sixty-six dollars ninety-three cents.*

M. BARKER & SON.

Certified by SPARKS, BANK J. C.

$2,466.93."

---

Clements *v*. The People.

With intent to injure and defraud Charles F. Livermore, Henry Clews and Henry M. Mason, and divers other persons to the jurors aforesaid unknown, against the form of the statute in such case made and provided, and against the peace of the People of the State of New York and their dignity.

And the jurors aforesaid, upon their oath aforesaid, do further present: That the said George B. Clements, late of the ward, city and county aforesaid, afterward, to wit, on the day and year last aforesaid, with force and arms, at the ward, city and county aforesaid, feloniously and falsely did utter and publish as true, with intent to injure and defraud the said Charles F. Livermore, Henry Clews and Henry M. Mason, and divers other persons to the jurors aforesaid unknown, a certain false, forged and counterfeited instrument in writing, commonly called a bank check, which said last mentioned false, forged and counterfeited instrument and writing is as follows, that is to say:

---

"No. 492. *Jersey City, Sept.* 3, 1861.

THE BANK OF JERSEY CITY,

*Pay to the order of Livermore, Clews & Mason, Twenty-four hundred sixty-six dollars ninety-three cents.*

M. BARKER & SON.

Certified by SPARKS, BANK J. C.

$2,466.93."

---

The said George B. Clements, at the said time he so uttered and published the last mentioned false, forged and counterfeited instrument and writing as aforesaid, then and there well knowing the same to be false, forged and counterfeited, against the form of the statute in such case made and provided, and against the peace of the People of the State of New York and their dignity.

NELSON J. WATERBURY, *District Attorney*."

The defendant having been arraigned upon said indictment, pleaded not guilty, and the trial thereon was had before JOHN T. HOFFMAN, Recorder of the city of New York, and a jury, at a Court of General Sessions in the city of New York, on the ninth day of October, 1861.

The prosecution called as a witness,

*William B. Bend,* who testified: I am in the employ of Livermore, Clews & Mason, and was September 2, 1861, as clerk; saw prisoner at their store, first time, September 2; he presented a letter now shown; don't recollect that he said anything; Clews opened it; marked at the foot the price at which the notes would be supplied, and handed it to me; I made out statement at that price, and handed it to the prisoner; I saw it the following day; he took it and asked when he could have the notes; he came on the 3d, in the morning, and presented second letter; it inclosed a check which is attached to complaint; I saw it was for amount of statement, and appeared to be certified; I handed him the five treasury notes of $500 each, and he left the store in a few minutes; next saw him in station house; he was arrested on complaint of the house.

(Check here read in evidence.)

*Cross-examined:* First letter was in envelope fastened with gum; Clews broke it open and read it; don't recollect he said he was requested to get the information; he did say, "when can I get the notes?" don't recollect he said any one told him to ask; the second note was sealed; no conversation at that time.

*S. Hatch,* sworn for prosecution : I am cashier of "Bank of Jersey City," and I sometimes certify checks; when I don't, teller does; teller's name is Post; he has been in the bank four or five years, and still is; no clerk or teller by name of Sparks; this certificate is not the certificate of the bank, or any one authorized to certify by the bank; we have an oval stamp certified payable at Ocean Bank for checks to be used in New York, and name written under note of Hatch or Post; checks used in Jersey City we merely write " Good, Post," or

Clements *v.* The People.

"Good, Hatch;" no other bank of Jersey City; no such person as Sparks in our bank.

The testimony having been closed, and no evidence having been offered by defendant, the case was summed up.

The recorder charged the jury substantially to the effect, that if they were satisfied from the evidence that the certificate on the check was a forgery, and that the defendant uttered said check with the forged certificate thereon, knowing the same to be forged, and with the intent to defraud, it would be the duty of the jury to convict. To which the counsel for the prisoner excepted.

The counsel for the prisoner requested the court to charge as follows:

*First.* In order to sustain the indictment, the prosecution is bound to prove that the signature of M. Barker & Son is a forgery. No such evidence has been adduced.

The court refused so to charge. To which refusal the counsel for the prisoner excepted.

*Second.* The indictment does not charge that the alleged forged instrument is " an order for the payment of money, or an instrument by which any pecuniary demand is created," which averment is essential.

The court refused so to charge. To which refusal the counsel for the prisoner excepted.

*Third.* The indictment does not charge the forgery of the certificate, which is no part of the check, and is not essential to its validity, and creates no demand or obligation for the payment of money, and the prisoner cannot be convicted under this indictment, which charges only the forgery of the check.

The court refused so to charge. To which refusal the counsel for the prisoner excepted.

*Fourth.* If the firm of M. Barker & Son had no account in the Bank of Jersey City, and the prisoner, knowing the fact, fraudulently obtained the treasury notes from Livermore, Clews & Mason, he is guilty of obtaining money *by a false token,* and cannot be convicted under this indictment.

The court charged that the first part of this proposition was correct, but refused to charge as requested in the latter portion thereof. To which refusal the counsel for the prisoner excepted.

The jury found the prisoner guilty. The prisoner was sentenced to the State prison for the term of four years.

*Jonas B. Phillips,* for plaintiff in error.

1. The court erred in refusing to charge that in order to sustain the indictment, the prosecution was bound to prove that the signature of M. Barker & Son to the check was a forgery.

It is an established rule that the evidence offered must correspond with the allegations in the indictment, supposing the allegations to be material and necessary.

The indictment in this case alleged *the forgery of the check.* No evidence having been introduced to sustain such allegation, which *was material and necessary,* the court manifestly erred in refusing to charge as above requested. (1 *Greenleaf on Ev.,* § 51; *Best's Principles of Ev.,* §§ 22–249.)

2. The court erred in refusing to charge that the indictment does not charge that the alleged forged instrument "is an order for the payment of money, or an instrument by which any pecuniary demand is created."

The prosecution having only offered evidence to show the certificate to be a forgery, such averment became essential, as the certificate, upon its face, creates no demand or obligation for the payment of money.

The indictment must show the forgery of an instrument which, on being described, appears, on its face, naturally calculated to work some effect on property; or, if it be not complete for that purpose, some extrinsic matter must be shown whereby the court may judicially see its tendency. (2 *Archb. Crim. Pl.,* *Waterman's Notes,* 7th ed., 808.)

3. The court also erred in refusing to charge as requested in the third proposition. The certificate is no part of the check, and is not essential to its validity.

Clements *v.* The People.

The forgery of a mere addition to the instrument, which has not the effect of altering it, but ·is merely collateral to it—as, for instance, a forged indorsement, or acceptance to a genuine bill of exchange—will not support an indictment for the forgery of the entire instrument. The forgery of such addition must be specially alleged and proved as laid. (*Whart. Am. Cr. L., ed. of* 1846, 336.)

4. The court erred in refusing to charge that the defendant could not be convicted under this indictment, if the firm· of M. Barker & Son had no account in the Bank of Jersey City, and the prisoner, knowing the fact, fraudulently obtained the treasury notes from Livermore, Clews & Mason, in which case he would have been guilty of obtaining money by a false token, and not guilty of forgery.

5. The alleged forged certificate in no respect resembled a genuine certificate of the teller or cashier of the Bank of Jersey City. The instrument must appear, upon the face of it, to have been made to resemble a true instrument of the description named in the indictment. (*United States* v. *Morrow,* 4 *Wash. C. C. R.,* 738; 4 *Taunt.,* 300; *Russ. & Ry.,* 212–219.)

6. The conviction under this indictment could not be pleaded in bar to an indictment for forging the certificate.

*John H. Anthon,* for defendants in error.

I. The name given to an instrument, by way of description, is not to be regarded when the instrument is set forth at length in the indictment. (*Whart. Cr. L., ed. of* 1851, §§ 350–1467.)

II. The words " certified by Sparks, Bank J. C.," having been set forth *in hæc verba* in the indictment, and having been alleged a forged instrument, the proof of its forgery sustains the verdict, and it is immaterial that the other portions of the instrument, or another instrument, was also set forth in the indictment, they being necessary, and only necessary, to explain the forged clause.

A bond is alleged in an indictment as ·forged. The proof shows the name of another obligor added. The rule here is

that the forgery may be charged, and be supported by evidence of the alteration. (*State* v. *Gardiner*, 1 *Iredell R.*, 27.)

It is a variance to allege the forgery by a name other than its true name, when the statute affixes a penalty to forgery of the instrument alleged, different from the penalty affixed to the forgery of the true instrument. (2 *Archb.. Cr. Ev.*, 7*th ed.*, 807.)

Otherwise, however, when the penalty is the same.

III. In the manner and form, as the instrument was uttered, so it was pleaded in the indictment. The negotiable market value of the instrument consisted in its being a *certified* check. The prosecutor was deceived by it as a certified check. The evidence showed that the instrument was not a certified check, but had been made to appear so by a forgery of the certificate clause.

IV. Considering the instrument as a whole, no proof having offered as to the goodness of any part, and one part having been proven forged, the whole becomes a forged instrument, and the count in the indictment for uttering it was proven and the verdict justly rendered.

1. The particular part of the instrument forged need not be pointed out on the face of the indictment, and is rarely done so.

2. But few forged instruments are all forgeries. They may be forged by additions, by alterations, by erasures, by annexations.

V. There being no exception to evidence, the only question, on appeal can be, is the indictment sufficient to sustain the verdict? The verdict finds the certificate a forgery, and uttered by the prisoner.

VI. The English decisions to the contrary (*Rex* v. *Howell*, 6 *Carr. & Payne*, 148; *Butterwich's Case*, *Roscoe's Cr. Ev.*, 465; 2 *Arch. Cr. Pr.*, 808, *notes*) are all based upon the English statute of 1 William IV, ch. 66, § 4; which statute provides in terms for the forgery of a draft with a penalty, and also in terms for the forgery of an acceptance.

In *Rex* v. *Howell*, the court uses the following words: "The

Clements *v.* The People.

statute has made a distinction between bill and acceptance, for it uses both terms. If proof of forging an acceptance will support a count for forging a bill, the word 'acceptance' in the statute is wholly nugatory."

The statute of the State makes no such distinction, but defines the crime by a word applicable to check, certificate, draft, acceptance, or any of them : ."Every person who, with intent to injure or defraud, shall make, alter, forge, or counterfeit any instrument or writing, being, or purporting to be, the act of another, by which any pecuniary demand or obligation shall be, or shall purport to be created, increased, discharged, or diminished," etc. (3 *R. S.*, *5th ed.*, *p.* 951, § 33.)

*By the Court,* INGRAHAM, P. J. The first count of the indictment charged the prisoner with having falsely made, forged and counterfeited a certain instrument in writing, commonly called a bank check, &c. The check was set out in the indictment in *hæc verba*, and upon the face of it were written the words and letters, "Certified by Sparks, Bank J. C." The second count charged the felonious and false uttering of the same check as a certain false, forged and counterfeited instrument and writing, commonly called a bank check, and also contained a copy of the check.

Upon the trial the only writing shown to be forged was the writing across the face of the check. The proof showed there was no such clerk as Sparks in the bank on which the check was drawn.

The counsel for the prisoner, among other requests, asked the court to instruct the jury that the indictment did not charge the forgery of the certificate, which was no part of the check, and not essential to its validity, and created no demand or obligation for the payment of the money, and the prisoner could not be convicted under the indictment which charged only the forgery of the check.

- The prisoner was convicted.

Upon the argument, the counsel for the People conceded that the prisoner could not be convicted under the first count

of the indictment which charged the forgery. Of this I think there can be no doubt. It will not be pretended that the words written across the face of the check were any part of the check, in any way necessary to give it validity or to add to its negotiability. They might have been given in a different form, and on a separate piece of paper, and would have left the check in its original form, valid and effectual for all the purposes for which it was made.

This writing can be considered as nothing more than a certificate that at its date the check would be paid by the bank on presentment.

The forgery of an acceptance on a bill of exchange is not properly described in an indictment which charges the forgery of the bill only.

The acceptance is no part of the bill of exchange. The bill is perfect without it. It can be protested, sued upon and collected, whether accepted in writing or not, and the forgery of the bill can be counted upon as an offense just as well, if not accepted, as if it had been previously accepted. This question has been the subject of direct adjudication in England, as applicable to a bill of exchange.

In *Rex* v. *Howell* (25 *Com. Law R.,* 366; *and* 6 *Car. & Payne,* 148), it was held that a count in an indictment, charging the uttering of a forged bill, was not supported by proof that the prisoner uttered the bill and that the acceptance was a forgery.

In this case, the question was reserved for all the judges, who agreed that the conviction for uttering the instrument was wrong, and could not be sustained. The whole theory of the criminal law renders the enforcement of such a rule necessary. In no pleading are so much certainty and particularity required as in an indictment. "That certainty and precision (said EDMONDS, P. J., in *Briggs* v. *The People,* 8 *Barb. R.,* 547) in an indictment is required, which will enable the defendant to judge whether the facts and circumstances stated constitute an indictable offense; that he may know the nature of the offense against which he is to prepare his

Clements *v.* The People.

defense; that he may plead a conviction or acquittal in bar of another indictment, and that there may be no doubt as to the nature of the judgment to be given in case of conviction."

It does not help the case to say that the indictment sets out the instrument in *hæc verba*, and therefore the prisoner was informed what the instrument was on which the prosecution rested. Suppose, in this case, the prisoner had uttered the check, not knowing of the forgery, or if the writing of the acceptance was a doubtful question, admitting of different opinions whether it was genuine or not, would a prisoner, under such an indictment, be led to prepare proof of the acceptance, or would he not rather confine his preparation to proof of the genuineness of the signature of the drawer? And when told on the trial the forgery is in the acceptance, he may well reply, no such charge is made against me, and I am not prepared to meet it.

I can see no ground for any distinction between forging the instrument and uttering the instrument knowing it to be forged. In both cases the prisoner is entitled to be told what his offense is, in such a manner that he may be prepared to meet the charge, and so clearly that, if once tried and disposed of, the decision may be pleaded in bar of any other indictment. That could not be the case under the present indictment.

It is suggested that the decisions in England are based upon the statute, which distinguishes between a draft and an acceptance. Our statute distinguishes quite as much. It does not specify an acceptance in any case, but after enumerating the terms of the offense, "falsely making, uttering, forging or counterfeiting," applies it to any instrument or writing purporting to be the act of another, by which any pecuniary demand or obligation shall be or purport to be created, &c. Here the check is the act of one party. The acceptance or certificate is the act of another party, each creating different obligations, and each valid in itself, and constituting a separate instrument. (3 *R. S.*, 5th ed., p. 951, § 33.)

The judgment should be reversed, and a new trial ordered in the Sessions.